IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | | |
|---|---|---|
| CONNIE BULLOCK, | § § § § | 2012 MAR 28 PM 4:59 |
| Plaintiff, | | |
| VS. | § § | CIVIL CASE NO. |
| GRACEMORE LLC DBA GRACEMORE NURSING AND REHAB and WILLIAM C. DAVIS, JR., INDIVIDUALLY, | § § § § § § § | JURY DEMAND CV212- 071 |
| Defendants. | § | |

## COMPLAINT

COMES NOW, CONNIE BULLOCK, hereinafter referred to as "Plaintiff," and files her Complaint against GRACEMORE LLC, hereinafter referred to as "Defendant" pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. as follows:

This is an action for the recovery of unpaid overtime and liquidated damages owed by Defendant to Plaintiff for hours worked in excess of forty (40) hours per week for the last three (3) years that she was employed by Defendant.

## PARTIES

1.

Plaintiff is a registered nurse and was employed by Defendant until her recent termination.

2.

Defendant is a limited liability corporation registered to do business in the state of Georgia. Defendant operates a nursing center by the name of "Gracemore Nursing and Rehab" in Brunswick, Georgia. The registered agent for service of process for Gracemore, LLC is William C. Davis, Jr., and he may be served at 1211 Macon Road, Suite D, Perry, GA 31069.

## JURISDICTION

**3.**

This Court has jurisdiction over this action in that it involves a question of federal law; the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., as amended, hereinafter referred to as The FLSA. This Court has jurisdiction over this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

## VENUE

**4.**

All of the relevant acts and events took place within this judicial district and division. Venue is therefore proper in this United States District Court pursuant to 28 U.S.C. §1391 (b).

## PARTIES AND GENERAL ALLEGATIONS

**5.**

At all times relevant hereto, Plaintiff was a resident of this judicial district and division.

**6.**

At all times relevant hereto, Defendant was conducting business within this judicial district and division, and was an employer as defined by the Fair Labor Standards Act.

**7.**

At all times relevant hereto, Defendant was Plaintiff's employer within the meaning of the FLSA.

**8.**

At all times material and relevant to this action, Plaintiff was employed by Defendant within the meaning of the FLSA.

9.

At all times material to this action, Defendant was an enterprise within the meaning of the FLSA. Its officers and employees were engaged in and are currently engaged in the business of operating a nursing center.

10.

At all times relevant to this action, Defendant had control over Plaintiff's work and hours of work.

11.

At all times relevant to this action, Defendant was Plaintiff's employer within the meaning of the FLSA.

12.

Plaintiff worked more than forty (40) hours per workweek throughout the time period when she was employed by Defendant.

13.

Plaintiff was only paid overtime compensation on a few occasions.

14.

Defendant maintained a time clock throughout the time period during which Plaintiff was employed by Defendant.

15.

Plaintiff's straight hourly pay rate was $16.71.

16.

Plaintiff's proper overtime hourly pay rate was $25.07.

17.

Plaintiff worked at least three (3) hours of overtime each week, for which she has received no overtime compensation.

**18.**

At all times relevant to this action, Defendant had a policy and practice of refusing to pay its employees for all of the hours they actually worked.

**19.**

At all times relevant to this action, Defendant frequently threatened its employees with termination if they were unable to perform all of their job duties within their shift.

**20.**

Plaintiff was written up for working overtime on at least one occasion.

**21.**

At all times relevant to this action, Gracemore, LLC and William C. Davis, Jr., have willfully violated the provisions of § 7 of 29 U.S.C. § 207 by having a policy and practice of employing Plaintiff more than forty (40) hours per week and refusing to pay her overtime for the hours in excess of forty (40) hours.

**22.**

Despite Defendant's policy and practice of refusing to pay overtime, Plaintiff routinely worked for several additional hours at the end of her shift in order to complete her work.

**23.**

As a result of Defendant's willful failure to compensate Plaintiff for all of the hours she actually worked for Defendant at a rate of not less than one and one-half of her straight pay rate, Defendant owes Plaintiff $11,728.08.

**24.**

Pursuant to the liquidated damages provision of the FLSA, Defendant must also pay Plaintiff $11,728.08 in liquidated damages.

**25.**

Defendant's failure to pay overtime compensation to Plaintiff was willful and a reckless disregard for federal law, namely, the FLSA.

**26.**

Pursuant to the FLSA, Plaintiff is also entitled to recover from Defendant attorney's fees and costs.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays as follows:

1) That she be awarded all overtime compensation to which she is entitled, which shall be shown at trial;

2) That she be awarded liquidated damages in the same amount as the amount of overtime compensation;

3) That she be awarded a reasonable attorney's fee and the costs of this action;

4) That she be awarded additional damages for unreasonably delayed payment;

5) That she be awarded such other and further relief that the Court deems necessary and proper in this action.

This 28th day of March, 2012.

Respectfully submitted,

Rita C. Spalding
Ga. Bar No. 105640

1522 Richmond Street
Brunswick, GA  31520
Telephone: (912) 261-8686
Facsimile: (912) 261-8689

5

IN THE STATE OF GEORGIA

COUNTY OF GLYNN

## VERIFICATION

PERSONALLY appeared before the undersigned attesting official duly authorized to administer oaths, CONNIE D. BULLOCK, sworn deposes and states on oath that the facts contained in the foregoing Complaint are true and correct to the best of her knowledge, information and belief.

This 18th day of January, 2012.

*Connie Bullock*
CONNIE D. BULLOCK

Sworn to and subscribed before me
This 18th day of January, 2012

Notary Public
My commission expires: 12/30/2012